1              **UNITED STATES DISTRICT COURT**
               **WESTERN DISTRICT OF WASHINGTON**
2                         **IN TACOMA**

3   ────────────────────────────────────────────────

4    **UNITED STATES OF AMERICA,**       )
                                         )
5                       **Plaintiff,**   )   **No.  CR15-274RJB**
                                         )             **CR15-387RJB**
6               **vs.**                  )
                                         )
7    **BRUCE LORENTE & GERALD**          )
     **LESAN,**                          )
8                                        )
                        **Defendants.**  )
9   ────────────────────────────────────────────────

10             **MOTION TO WITHDRAW PLEAS**

11  ────────────────────────────────────────────────

12       **BEFORE THE HONORABLE ROBERT J. BRYAN**
          **UNITED STATES DISTRICT COURT JUDGE**

13

14                  **July 28, 2016**

15  **APPEARANCES:**

16  **Matthew Hampton**
    **Assistant United States Attorney**
17  **Representing the Plaintiff**

18  **Mohammad Hamoudi**
    **Federal Public Defender's Office**
19  **Representing Defendant Lorente**

20  **Robert Goldsmith**
    **Attorney at Law**
21  **Representing Defendant Lesan**

22  **Also Present:**
    **Colin Fieman**
23  **Federal Public Defender's Office**
    **Representing Defendant Sobaski**

24

25

09:31:58AM 1      THE COURT:  This is a continuing hearing,

09:32:04AM 2  combined, in Cause No. 15-387, United States versus Gerald

09:32:11AM 3  Lesan; and 15-274, United States versus Bruce Lorente.

09:32:27AM 4     Since our last hearing I have received additional

09:32:38AM 5  information.  Before I call on counsel to supplement

09:32:52AM 6  whatever you want to say about this, I have a question,

09:32:56AM 7  and then a report of my own.

09:33:00AM 8     The first question is, there is apparently one more

09:33:04AM 9  case assigned to me, Sobaski.  What is the status of that?

09:33:10AM 10        MR. FIEMAN:  Your Honor, I represent Mr. Sobaski.

09:33:14AM 11  He had entered a plea some months ago.  As of now, he is

09:33:21AM 12  sticking with that plea agreement.

09:33:23AM 13        THE COURT:  As of now what?

09:33:25AM 14        MR. FIEMAN:  As of now he is sticking with his

09:33:27AM 15  plea agreement, and has a sentencing date.

09:33:30AM 16        THE COURT:  All right.  Now, I just went to a

09:33:35AM 17  Federal Judicial Center seminar in San Diego.  Among the

09:33:46AM 18  other materials I received was -- even though this was not

09:33:53AM 19  really the subject of a class down there, I received a

09:34:04AM 20  list of cases arising from this same search warrant and

09:34:13AM 21  event.  I noticed when I looked at the material you filed

09:34:21AM 22  recently here, just within the last few days, that all of

09:34:26AM 23  the cases mentioned on their list were mentioned in the

09:34:30AM 24  material you provided me.  So there is nothing new there,

09:34:38AM 25  except for two cases that were cited regarding Rule 41,

09:34:50AM 1    where warrants -- one was allowed and one was not allowed.

09:34:57AM 2    One was a Nebraska case, 13-108.  That had nothing to do

09:35:03AM 3    with this particular search warrant, but it had to do with

09:35:06AM 4    Rule 41.  And another case from the Southern District of

09:35:09AM 5    Texas, another 2013 case, that can be found at 958 Federal

09:35:20AM 6    Supplement 2d 753, where a warrant was not allowed under

09:35:25AM 7    Rule 41.  I have not read those cases, but they are part

09:35:35AM 8    of what was presented at the -- at least available in the

09:35:41AM 9    written work at the seminar.

09:35:43AM 10       Now, there was another very interesting thing that

09:35:46AM 11   occurred at the seminar that I wanted to pass on to you.

09:35:52AM 12   We had a speaker named Ovie Carroll, who is with the

09:35:58AM 13   Cybercrime Laboratory of the Department of Justice.  He

09:36:04AM 14   talked to us about data breaches and cybercrimes,

09:36:10AM 15   et cetera.

09:36:11AM 16       I was surprised to hear him urge the federal judges

09:36:17AM 17   present, a hundred or so of them, that they should use the

09:36:28AM 18   TOR network to protect their personal information on their

09:36:32AM 19   computers, like work or home computers, against data

09:36:43AM 20   breaches, and the like.

09:36:51AM 21       I did not respond to that.  I almost felt like saying,

09:36:59AM 22   "That's not a good way to protect stuff, because the FBI

09:37:06AM 23   can go through that like eggshells."  And it also seems to

09:37:11AM 24   me probable, although there is no -- I have no evidence to

09:37:17AM 25   support this, just general experience with these things,

09:37:23AM 1    it appears probable that the material that I suppressed in

09:37:38AM 2    the Michaud case is likely to be the result of some

09:37:43AM 3    non-FBI hacker, and likely to be available to the whole

09:37:46AM 4    world.  But it is not yet, at least that we know of.

09:37:56AM 5         Now, since our last hearing I received the additional

09:38:04AM 6    filings from both sides in both cases.  The defendant

09:38:14AM 7    filed a disk that I have not looked at, but I understand

09:38:25AM 8    basically what is in it.  I did look at the spreadsheet,

09:38:29AM 9    which lists a lot more cases.  They call that spreadsheet

09:38:38AM 10   the NIT tracker.  It listed a number of cases that I had

09:38:48AM 11   not heard about before, that are apparently part of the

09:38:52AM 12   various prosecutions arising from this particular NIT and

09:39:05AM 13   search warrant.

09:39:10AM 14        On the NIT tracker, filed at Docket No. 83-1 -- I

09:39:18AM 15   didn't count the cases, but there are a lot more cases

09:39:20AM 16   listed than what we had notice of before.  I guess there

09:39:38AM 17   is no attempt to list the bottom line on various rulings

09:39:44AM 18   that have been made.  What is apparent, however, is that

09:39:51AM 19   there are a lot of cases with suppression motions that are

09:39:57AM 20   either in process or have been ruled on, and some are

09:40:06AM 21   pending possible appeal.

09:40:10AM 22        What else, counsel, do you want to tell me?

09:40:18AM 23        MR. HAMOUDI:  Good morning, your Honor.

09:40:27AM 24        THE COURT:  I didn't identify everybody here.

09:40:30AM 25   Perhaps you should when you speak so the reporter can be

09:40:34AM 1    sure he gets the right name attached with what you say.

09:40:38AM 2         MR. HAMOUDI:  Good morning, your Honor.  Mohammad

09:40:42AM 3    Hamoudi on behalf of Mr. Lorente.

09:40:45AM 4       Your Honor, one of the concerns that the defense has

09:40:50AM 5    is that the government does not actually provide a list of

09:40:55AM 6    cases, and they just provide a number, which initially was

09:41:01AM 7    137 individuals, and then now it appears to have grown to

09:41:06AM 8    186 individuals.

09:41:09AM 9       The problem that presents is that apparently they know

09:41:14AM 10   a number to provide a number.  So logic tells me that if

09:41:19AM 11   there is somebody who is counting things, they would

09:41:22AM 12   appear to know names associated with those numbers.

09:41:26AM 13      I know that Mr. Michaud's counsel, Mr. Fieman, moved

09:41:31AM 14   to have this court disclose the list of cases that Main

09:41:35AM 15   Justice has.  And the reason we believe that list is

09:41:39AM 16   important is twofold:  One, because, as the court alluded

09:41:46AM 17   to last week, it informs this court's inquiry, either

09:41:52AM 18   today and proceeding forward.

09:41:54AM 19      Secondarily, our office is coordinating nationally

09:41:57AM 20   with other defense counsel to insure that these issues are

09:42:00AM 21   preserved.  And we are particularly disadvantaged when we

09:42:05AM 22   don't have contact with everybody who is involved.

09:42:09AM 23      And then what happens is that not every defense

09:42:13AM 24   counsel may be attuned into what is going on nationally,

09:42:17AM 25   they may fail to raise the issue, and consequently that

09:42:21AM 1   results in there being adverse rulings entered, and it

09:42:25AM 2   would ultimately, for precedential value, have an adverse

09:42:31AM 3   effect on Mr. Lorente.

09:42:33AM 4        So for that reason we believe we are entitled to the

09:42:37AM 5   complete list, and names on those lists, so we can

09:42:40AM 6   effectively litigate the issue, should the court allow

09:42:43AM 7   Mr. Lorente to withdraw his plea.

09:42:46AM 8        Secondly, the cases that the government does identify

09:42:51AM 9   in its motion, three of those, Matish, Darby, and Eure,

09:42:58AM 10  are actually Eastern District of Virginia cases.  I do not

09:43:03AM 11  think those raise Rule 41 issues, because the magistrate

09:43:06AM 12  who issued the original warrant was out of the Eastern

09:43:09AM 13  District of Virginia.  Those motions primarily address

09:43:13AM 14  motion to suppress presentation, not the Rule 41 problems

09:43:16AM 15  that are presented with a warrant that is issued for an

09:43:21AM 16  extraterritorial search, which would be out of that

09:43:25AM 17  district.

09:43:27AM 18       So, effectively, the government has really identified

09:43:30AM 19  three cases in their motion, the one out of the Eastern

09:43:33AM 20  District of Pennsylvania, one out of the Eastern District

09:43:36AM 21  of Louisiana, and one out of the Southern District of

09:43:39AM 22  Ohio.  The opinion out of Wisconsin, which I described in

09:43:44AM 23  our last motion, they never raised the Rule 41 issue in

09:43:47AM 24  that motion.

09:43:48AM 25       Those are the only things I would like to add to the

09:43:53AM  1    court before it rules today.  Thank you.

09:43:56AM  2         MR. GOLDSMITH:  Good morning, your Honor.  Robert

09:44:00AM  3    Goldsmith appearing for Gerald Lesan, who is also present.

09:44:04AM  4    I just want to comment on the fact that both filings from

09:44:07AM  5    the government and from the defense --

09:44:09AM  6         THE COURT:  A little louder, please.

09:44:10AM  7         MR. GOLDSMITH:  Both filings show that these

09:44:16AM  8    issues are still at a very early stage of development,

09:44:19AM  9    both the issues regarding discovery of the NIT program the

09:44:23AM 10    government used, as well as the search issues.

09:44:27AM 11      I know that another defendant, Mr. Tippens, I believe

09:44:32AM 12    pending before this court as well, will be filing a motion

09:44:35AM 13    to suppress on search issues, some of which the court has

09:44:39AM 14    ruled on, but some of which are -- because of the ferment

09:44:45AM 15    going on in all of these cases, are issues the court

09:44:48AM 16    hasn't ruled on yet.

09:44:50AM 17      So what these show to me is that they totally support

09:44:54AM 18    our motion to withdraw the guilty plea, because not only

09:44:59AM 19    has this court already ruled on the discovery issue, which

09:45:02AM 20    we believe would apply equally to both Mr. Lorente and

09:45:06AM 21    Mr. Lesan, but also because there are so many other issues

09:45:10AM 22    now that are coming to a head that are new and I think

09:45:16AM 23    deserve litigation on this unique and evolving area.

09:45:21AM 24      And so I think not only because this court has ruled

09:45:23AM 25    favorably on discovery, but because it is such an area of

09:45:27AM 1  ferment, Mr. Lesan's motion to withdraw should be granted.

09:45:30AM 2  Thank you.

09:45:37AM 3          MR. HAMPTON:  Good morning, your Honor.  Matt

09:45:45AM 4  Hampton on behalf of the government.  I will first just

09:45:49AM 5  address the issue of the case list.  I want to be clear,

09:45:52AM 6  the government doesn't have a case list, as I had stated

09:45:56AM 7  last week at the hearing.

09:45:59AM 8      What we did do, as we had done in the Michaud

09:46:01AM 9  proceeding, we went back to the FBI -- or my colleague at

09:46:06AM 10  CEOS went back to the FBI to ask for updated numbers of

09:46:10AM 11  arrests.  So we know there have been, so far that we know

09:46:14AM 12  of, approximately 180 -- I believe it is 186 arrests that

09:46:19AM 13  have resulted in charges, state and federal.  There is not

09:46:23AM 14  a list of all cases pending, or a list of all cases in

09:46:27AM 15  every district.  Every judicial district, every

09:46:30AM 16  U.S. Attorney's Office makes individual charging

09:46:33AM 17  decisions.  To the extent there have been state

09:46:34AM 18  prosecutions, those are individual decisions, as well.

09:46:38AM 19  That list is what we know about arrests.  But it is just

09:46:41AM 20  the number of arrests that have been made.

09:46:45AM 21      The defendant Michaud did make that request.  It was

09:46:50AM 22  the subject of a motion to compel.  The government

09:46:52AM 23  responded.  I don't believe that the court ruled on that.

09:46:56AM 24  All I guess I would say is, I don't know that Rule 16

09:47:00AM 25  compels the government to assemble a list of all

09:47:03AM 1    litigation pending.  It is an enormous burden, actually,

09:47:07AM 2    to ask the government to go and pull every district and

09:47:10AM 3    get a name of a defendant and a case number.  And, of

09:47:14AM 4    course, there would be concerns about is the government

09:47:16AM 5    then required to constantly update that list and provide

09:47:19AM 6    additional updates about the docket.

09:47:23AM 7         I did, in filing my supplement, try to make sure that

09:47:26AM 8    I identified all the cases that I knew about, and that we

09:47:30AM 9    are aware of, where there have been rulings on these

09:47:35AM 10   issues.  I believe we have done that.  I think there is

09:47:40AM 11   nine or ten cases cited.  I don't believe there are any

09:47:44AM 12   other rulings.

09:47:45AM 13        But what's going on in the country, I think, is not

09:47:50AM 14   really relevant to the issue here today.  The ultimate

09:47:55AM 15   question is, should the defendants be allowed to withdraw

09:47:57AM 16   their pleas.

09:48:00AM 17        Every defendant who is charged with a crime -- every

09:48:04AM 18   defendant who is charged with a crime that arises out of

09:48:06AM 19   some larger operation has a choice to make.  They can

09:48:11AM 20   raise novel issues, they can challenge the government's

09:48:14AM 21   proof, or they can decide to enter a plea.  The defendants

09:48:20AM 22   here made that choice.

09:48:22AM 23        The question is, given the fact that there is pending

09:48:26AM 24   litigation around the country, and this case does raise

09:48:30AM 25   some novel issues and some not so novel issues, but there

09:48:33AM 1    are novel issues, should that entitle the defendants to

09:48:37AM 2    reconsider their earlier decision?

09:48:42AM 3        Ultimately, it is up to the court to exercise its

09:48:46AM 4    discretion to determine whether this is an appropriate

09:48:48AM 5    case to let the defendants take back their plea and

09:48:51AM 6    reconsider their earlier decision.

09:48:54AM 7        In the government's view, they had an opportunity to

09:48:58AM 8    weigh the costs and benefits of pleading guilty.  They

09:49:01AM 9    chose to plead guilty.  They did what many defendants do,

09:49:05AM 10   which is decide to forego litigation for the certainty of

09:49:09AM 11   a plea.  In the government's view, the appropriate answer

09:49:13AM 12   is to hold the defendants to their bargain.

09:49:16AM 13       But, of course, if the court feels the unique issues

09:49:20AM 14   in this case merit withdrawal, that's why the court is

09:49:24AM 15   here, and we certainly respect that is the court's

09:49:26AM 16   decision to make.

09:49:30AM 17           THE COURT:  Thank you.

09:49:32AM 18           MR. HAMPTON:  Thank you, your Honor.

09:50:45AM 19           THE COURT:  Let me talk to Mr. Lesan and

09:50:51AM 20   Mr. Lorente about this for a minute.  Before I ultimately

09:51:04AM 21   rule on this question of whether you should be allowed to

09:51:07AM 22   withdraw your pleas, I want to be sure you understand what

09:51:13AM 23   you're doing and what you're facing.

09:51:21AM 24       We now know, from the defendants showing some 48 cases

09:51:27AM 25   that are similar to yours, and arose from the same basic

09:51:32AM 1    facts, it is clear from what we do have that in the

09:51:48AM 2    majority of the cases where there have been rulings, the

09:51:54AM 3    evidence was not suppressed, and the various judges that

09:52:01AM 4    have ruled on these similar issues, the majority of them

09:52:05AM 5    have ruled that there should not be a suppression.

09:52:13AM 6        I have suppressed evidence in the Michaud case.  There

09:52:20AM 7    is no assurance that in your cases, or the case of

09:52:25AM 8    Mr. Tippens that is set next week, that I will rule the

09:52:30AM 9    same way.

09:52:33AM 10       There is now a whole lot of -- there are a whole lot

09:52:40AM 11   of opinions that judges have given orally or in writing

09:52:48AM 12   about the similar issues, in the Michaud case.  And so

09:52:55AM 13   when I am faced with ruling on similar issues I have a lot

09:53:00AM 14   more judicial thinking from other judges that I would

09:53:06AM 15   typically look at and consider in deciding what the proper

09:53:12AM 16   course of action is.

09:53:16AM 17       Also, the facts presented to the court may be

09:53:18AM 18   different in your cases, either from you or from the

09:53:23AM 19   government.  There may be other information.  So there is

09:53:26AM 20   no assurance that this court or any other court will rule

09:53:34AM 21   a particular way on the same issues.

09:53:40AM 22       Do both of you understand that?

09:53:48AM 23           DEFENDANT LORENTE:  Yes, your Honor.

09:53:49AM 24           DEFENDANT LESAN:  Yes.

09:53:50AM 25           THE COURT:  Now, there are a lot of issues pending

09:53:54AM  1    arising from these searches.  There is no telling where

09:53:57AM  2    the law is going to end up after everybody gets rulings

09:54:04AM  3    and the cases go on appeal.  There is no telling where the

09:54:13AM  4    law will end up on appeal because there is a lot of

09:54:16AM  5    difference among the judges that have already ruled on

09:54:18AM  6    these issues.  When judges don't agree on the trial court

09:54:26AM  7    level, it leads to appeals, and appellate courts are not

09:54:37AM  8    very predictable.

09:54:40AM  9        If you withdraw your pleas, it is likely to be many

09:54:45AM 10    months, and possibly years, before your cases are totally

09:54:51AM 11    resolved.  I like to think that my court is efficient, and

09:54:59AM 12    we try not to let things drag out, but once cases go on

09:55:05AM 13    appeal, we trial judges think it is like putting the case

09:55:13AM 14    in a dark hole, it may or may not come out at any

09:55:21AM 15    reasonable time.

09:55:22AM 16        Your custody status, of course, may affect your

09:55:33AM 17    judgment in regard to the unknown amount of time that you

09:55:37AM 18    would be facing before resolution.

09:55:46AM 19        Counsel, you may be able to help me with this.  I have

09:55:51AM 20    not looked at the law on this.  What is the risk of

09:55:59AM 21    statements made in plea negotiations and the colloquy with

09:56:05AM 22    the court at the time of the entry of the plea -- is there

09:56:11AM 23    any risk of those things being admissible at the time of

09:56:15AM 24    trial?  I haven't looked at the law.

09:56:21AM 25        MR. HAMPTON:  Your Honor, I would have to look at

09:56:25AM 1    the rule to be certain, but I believe those statements
09:56:28AM 2    would not be admissible.  I am not 100 percent certain on
09:56:32AM 3    that, but I believe the rules of evidence may cover that
09:56:34AM 4    precise issue.
09:56:35AM 5         THE COURT:  My recollection is it is not
09:56:37AM 6    admissible, but I haven't looked at the law.  You are
09:56:39AM 7    taking your chance on whatever the law is on that subject.
09:56:43AM 8    Your lawyers can tell you more about that.
09:56:45AM 9         You need to be aware, and I have touched on this I
09:56:50AM 10   think last week, the United States Attorney, if you
09:56:57AM 11   withdraw your pleas, can go back to the original charges,
09:57:07AM 12   but they can also charge you with any other crimes that
09:57:11AM 13   they think they can prove.  And so it is possible that
09:57:17AM 14   they would supersede your indictments with additional
09:57:21AM 15   charges.
09:57:27AM 16        One of the important things here that you need to
09:57:29AM 17   think about is that the benefits that you gained in your
09:57:39AM 18   plea negotiations and your plea agreements are lost.  And
09:57:50AM 19   let me recite, looking at Mr. Lesan's --  Do I pronounce
09:57:59AM 20   your name right?
09:58:02AM 21        DEFENDANT LESAN:  It's Lesan, your Honor.
09:58:08AM 22        THE COURT:  You bargained for an acceptance of
09:58:11AM 23   responsibility graded on the guidelines.  That will be
09:58:16AM 24   lost.  You bargained for a sentencing recommendation of
09:58:24AM 25   not greater than 60 months.  That recommendation will be

09:58:28AM 1    lost.   There is a waiver of -- or there is confidentiality

09:58:44AM 2    agreements in regard to testing.   That will be lost.   The

09:58:57AM 3    government agreed not to prosecute you for additional

09:58:59AM 4    offenses in the plea agreement, but that agreement will be

09:59:02AM 5    lost, as I have just indicated.

09:59:20AM 6         As to Mr. Lorente's plea, much the same, I believe,

09:59:27AM 7    but let me refer to the plea agreement.   Again, you will

09:59:55AM 8    lose the guideline acceptance of responsibility.   You will

10:00:01AM 9    lose the sentencing recommendation that you had agreed to.

10:00:09AM 10   You give up the right to be free from prosecution of other

10:00:13AM 11   cases that you agreed to -- or other charges that you

10:00:18AM 12   agreed to in the plea agreement.   As I indicated, the

10:00:31AM 13   government can, if they choose to, charge you with

10:00:34AM 14   additional offenses.   Those are just some of the things in

10:00:39AM 15   the plea agreements that will be lost.   Everything else in

10:00:45AM 16   those plea agreements will be lost, as well, if you change

10:00:48AM 17   your pleas.

10:00:51AM 18        Now, do both of you understand that?

10:00:56AM 19            DEFENDANT LESAN:   Yes, your Honor.

10:00:59AM 20            DEFENDANT LORENTE:   Yes, your Honor.

10:00:59AM 21            THE COURT:   Have you discussed those risks with

10:01:01AM 22   your lawyers?

10:01:02AM 23            DEFENDANT LESAN:   Yes, your Honor.

10:01:04AM 24            DEFENDANT LORENTE:   I have.

10:01:05AM 25            THE COURT:   Counsel, you are satisfied that the

10:01:06AM 1    defendants understand their rights and what they are going

10:01:09AM 2    to be giving up if they should change their pleas?

10:01:15AM 3            MR. HAMOUDI:  I do, your Honor.

10:01:17AM 4            MR. GOLDSMITH:  Likewise, your Honor, yes.

10:01:39AM 5            THE COURT:  As counsel pointed out, this is a

10:01:42AM 6    discretionary call, but it is not totally discretionary.

10:01:47AM 7    It is not just what I think ought to happen.  The

10:01:51AM 8    defendants have to show a fair and just reason for

10:01:56AM 9    withdrawal of their pleas.

10:01:58AM 10       I think the law indicates there should be a liberal

10:02:02AM 11   application of that rule.  In this circumstance it is my

10:02:08AM 12   judgment that there are intervening circumstances since

10:02:14AM 13   their plea that did not exist at the time of the plea, and

10:02:21AM 14   those circumstances justify a change of plea.

10:02:29AM 15       Typically non-binding rulings from other courts are

10:02:32AM 16   not sufficient to justify a plea change, but an impending

10:02:42AM 17   review of the law by the Supreme Court is sufficient.

10:02:50AM 18       And when you look at the number of cases, 180-some,

10:02:56AM 19   now filed, and the 48 listed in the defense

10:03:10AM 20   listing/spreadsheet that are similar cases, and when you

10:03:17AM 21   look at the motions pending in those cases, and the

10:03:23AM 22   rulings that have been made, even though those rulings are

10:03:26AM 23   not binding on this court, what is apparent is that the

10:03:31AM 24   rulings go different ways.  Not only that, but the rulings

10:03:37AM 25   from the various courts that have ruled on these

10:03:41AM 1    suppression issues are based on different rationales,

10:03:47AM 2    different reasoning by different judges.

10:03:56AM 3        I have not looked at all of the rulings that have been

10:04:00AM 4    made, but I have looked at some of them, and it is

10:04:04AM 5    important that some judges have given this whole

10:04:07AM 6    suppression motion rather short shrift, and others have

10:04:11AM 7    found parts of it very troubling.  There are cases that

10:04:19AM 8    seem to be going all sorts of different directions, even

10:04:23AM 9    though the majority of the district court rulings so far

10:04:28AM 10   deny suppression motions.

10:04:38AM 11       It appears to me that there is impending review of the

10:04:46AM 12   issues raised in these motions to suppress in various

10:04:51AM 13   courts of appeal around the country.  It looks to me very

10:05:00AM 14   likely that some of these issues will find their way into

10:05:04AM 15   the Supreme Court, although nobody knows whether that

10:05:07AM 16   actually would happen, and nothing is pending there now

10:05:11AM 17   that I am aware of.

10:05:19AM 18       Now, these cases have been assigned to my court for

10:05:32AM 19   the sake of uniformity and the handling of the cases

10:05:36AM 20   within this district.  I have ruled on the suppression

10:05:42AM 21   issues on only one of the similar cases, the Michaud case.

10:05:52AM 22   The last ruling in that case was made after the defendants

10:05:59AM 23   in these two cases entered their plea.  And there is

10:06:07AM 24   reason to hope at least that rulings will be consistent if

10:06:23AM 25   other motions are made, similar to the ones in Michaud,

10:06:28AM  1    although there is no assurance of that.  And in that case,

10:06:35AM  2    of course, a notice of appeal has been filed, leaving a

10:06:39AM  3    likelihood of review in Michaud.

10:06:47AM  4        As we know, other cases around the country have ruled

10:06:50AM  5    on similar issues, and at least two have suppressed the

10:06:58AM  6    evidence.

10:07:03AM  7        I wanted to address the issues that are likely

10:07:08AM  8    appealable issues, because they are not -- the law is not

10:07:16AM  9    clearly decided.  The first, of course, is the validity of

10:07:19AM 10    the subject warrant under Criminal Rule 41.  And the facts

10:07:27AM 11    underlying the validity of that warrant based on the

10:07:31AM 12    server being in Virginia is an issue that is ripe for

10:07:44AM 13    disagreement.

10:07:48AM 14        The nature of Rule 41 as a simple procedural rule or a

10:07:54AM 15    structural rule that has the force of the Constitution

10:08:00AM 16    behind it is not clear in the law, and different judges

10:08:10AM 17    have come down differently at this point on that subject.

10:08:14AM 18    And that, of course, has to do with the power of

10:08:17AM 19    magistrate judges, which is an issue in this case.

10:08:26AM 20        The application of the good faith exception to each

10:08:35AM 21    case is a subject that is likely to be the basis for

10:08:42AM 22    appeal.

10:08:49AM 23        The discoverability of the details of the so-called

10:08:55AM 24    NIT is also a subject for appeal.  As you know, in the

10:09:09AM 25    Michaud case I had a hearing in camera.  Whether I was

10:09:15AM  1    correct in my ruling is also a subject of appealable

10:09:21AM  2    issues.

10:09:25AM  3        The application of the law enforcement privilege is

10:09:32AM  4    also, I think, appealable under the facts of the cases

10:09:38AM  5    here.  Some have applied it, including myself.  Others may

10:09:50AM  6    disagree about that.  If that privilege applies, and the

10:09:58AM  7    details of the NIT are not discoverable, what sanction, if

10:10:03AM  8    any, is appropriate, from none to suppression to

10:10:12AM  9    dismissal, are, I think, issues that are also appealable.

10:10:18AM 10        So there is a lot here where the law is simply not

10:10:26AM 11    well settled.

10:10:27AM 12        And, of course, the facts are also in dispute.  In

10:10:37AM 13    particular, I relied in some of the rulings I have made on

10:10:48AM 14    the expert evidence of a particular witness, and

10:10:55AM 15    discounted an FBI witness' testimony in comparison to the

10:11:02AM 16    other witness.  Other judges have come down differently on

10:11:08AM 17    the credibility of the experts that have testified

10:11:14AM 18    basically to the same thing.  So you end up with

10:11:19AM 19    credibility issues, as well.

10:11:22AM 20        So as I indicated, it appears highly likely to me that

10:11:26AM 21    the issues will go up to the various circuits, and it is

10:11:33AM 22    not unlikely that some of these issues will end up in the

10:11:36AM 23    Supreme Court.  It is complex and hard to forecast what is

10:11:44AM 24    going to happen.  It becomes more complex as you read the

10:11:47AM 25    various district court rulings on these subjects, because,

10:11:55AM 1    as I think I indicated before, the rulings were all over

10:11:58AM 2    the map as to what law applies, how it applies, what the

10:12:08AM 3    facts are, and so forth.

10:12:10AM 4        Now, there is another somewhat collateral reason that

10:12:23AM 5    I think these defendants should be allowed to withdraw

10:12:26AM 6    their plea.  And that reason is the defendants' complaint

10:12:35AM 7    that the United States Attorney applied time pressure to

10:12:37AM 8    them by short deadlines on plea offers.  So they were

10:12:42AM 9    forced into plea decisions before the companion and lead

10:12:50AM 10   case, the Michaud case, and its motion practices were

10:12:55AM 11   resolved.

10:12:58AM 12       The government's plea negotiation tactics are not

10:13:00AM 13   typically the court's concern, and I think they have to

10:13:06AM 14   make their own choices about how to conduct their plea

10:13:12AM 15   negotiations.  But in this situation, that is an

10:13:17AM 16   additional reason.  Those tactics add to the defendants'

10:13:26AM 17   arguments for plea withdrawal, when they are put under

10:13:30AM 18   pressure to make a quick decision in matters that are as

10:13:35AM 19   complex as these are.

10:13:40AM 20       So it is my judgment that in both cases the motion to

10:13:43AM 21   withdraw guilty plea is granted.  That's Docket 61 in

10:13:53AM 22   Mr. Lesan's case, and Docket No. 72 in Mr. Lorente's case.

10:14:04AM 23   And it is so ordered.

10:14:06AM 24       The sentencing dates will be stricken, and the orders

10:14:12AM 25   regarding sentencing procedure will also be stricken, and

```
10:14:18AM  1    we will set the matter for trial and pretrial deadlines.

10:14:25AM  2        Speedy trial, according to my deputy, would require a

10:14:33AM  3    trial date in September, like September 26th.  I would ask

10:14:47AM  4    the clerk to issue a scheduling order with that date, and

10:14:59AM  5    the other pretrial dates that flow from that.  It gives

10:15:02AM  6    you a short time to make whatever motions you want to

10:15:10AM  7    make, but I don't think we can delay setting, because of

10:15:15AM  8    speedy trial rules.  And, of course, motions can delay

10:15:21AM  9    things and so forth.  We need to get these on track.

10:15:31AM 10            MR. HAMPTON:  Your Honor, just to clarify, is that

10:15:33AM 11    9/26 for both cases?

10:15:35AM 12            THE COURT:  Pardon?

10:15:36AM 13            MR. HAMPTON:  The trial date is for both?

10:15:38AM 14    September 26th as to both cases?

10:15:40AM 15            THE COURT:  That doesn't mean they are combined.

10:15:42AM 16            MR. HAMPTON:  I understand.  The dates are the

10:15:45AM 17    same?

10:15:47AM 18            THE COURT:  Yeah, they should both be set the same

10:15:50AM 19    day.  At this time it appears pretty clear and obvious

10:15:54AM 20    that motions will be filed that will delay the trial date,

10:15:59AM 21    by operation of law anyway.  If you don't file a motion,

10:16:09AM 22    go to trial in September.  Okay?  Any questions?

10:16:17AM 23            MR. HAMOUDI:  Your Honor, I do have a question.  I

10:16:19AM 24    had requested and made mention of these 186 cases.  And

10:16:24AM 25    the government made representations --
```

```
10:16:25AM  1          THE COURT:  Yeah, you did.  And I meant to comment
10:16:27AM  2   on that.  Make your motion.
10:16:31AM  3          MR. HAMOUDI:  Thank you, your Honor.
10:16:39AM  4          THE COURT:  I don't want to rule on them now.
10:16:46AM  5   That's the kind of thing I would hope you would talk with
10:16:49AM  6   the government about and come to some agreement on.  But
10:16:54AM  7   if you can't agree, well, certainly make your motion, and
10:16:58AM  8   we will decide.  They may have some trouble getting the
10:17:01AM  9   information you want, so they should have a chance to
10:17:05AM 10   respond.  Okay?  Thank you.
          11                    (Proceedings adjourned.)
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

22

```
 1              C E R T I F I C A T E

 2

 3

 4      I, Barry Fanning, Official Court Reporter for the

 5   United States District Court, Western District of

 6   Washington, certify that the foregoing is a true and

 7   correct transcript from the record of proceedings in the

 8   above-entitled matter.

 9

10

11

12   _____
     /s/ Barry Fanning
13   Barry Fanning, Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```