1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>DAVID TIPPENS,<br><br>                    Defendant. | NO. CR16-5110 RJB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL** |
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>GERALD LESAN,<br><br>                    Defendant. | NO. CR15-387 RJB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL** |
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>BRUCE LORENTE,<br><br>                    Defendant. | NO. CR15-274 RJB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL** |

GOVERNMENT'S RESPONSE DEFENDANTS' MOTION TO COMPEL - 1
CR16-5110RJB/CR15-387RJB/CR15-0274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1    Defendants David Tippens, Gerald Lesan, and Bruce Lorente seek an order from

2  this Court compelling the government to respond to a request for information they claim,

3  absent any factual support, could be related to the Network Investigative Technique

4  ("NIT") used in the FBI's Playpen investigation.  Pointing to "news sources" and

5  unnamed "experts," Defendants claim that a recently-disclosed-and-patched software

6  vulnerability in the TOR browser might have had something to do with the NIT deployed

7  in the Playpen investigation.  Thus, they maintain, they are entitled to know whether and

8  to what extent these revelations are relevant to the government's use of the NIT at issue

9  in the Playpen investigation.  Defendants' motion should be denied.

10    For starters, Defendants' only support for their request consists of the citation to

11  news accounts and conjecture.  Defendants offer no facts to support their claims that the

12  events recounted in these articles have any bearing on the FBI operation at issue in this

13  litigation and the discovery ruling issued by this Court.  Defendants' mere hope that

14  something may be true is not sufficient to carry their burden to compel discovery.[1]

15    This Court has already determined that the exploit code and related government

16  software and servers have been appropriately withheld from discovery and are not

17  "relevant and helpful" to Defendants' defenses.  Dkt. 106.  Defendants point to no facts

18  in their motion to compel that would disturb that ruling.  Nor are they entitled to an

19  answer to their speculative question merely because they ask.  There is no requirement,

20  under Rule 16 or any other law, that the government gather and produce to the defendant

21  irrelevant, immaterial information in discovery.  For these reasons alone, Defendants'

22  motion should be denied.

23    In any event, should the Court believe a response from the government is

24  necessary, the government is reviewing the matter so it could provide further information.

25  As has been explained in general terms in the government's public filings and in greater

26

27  [1] In their motion, Defendants baldly state that the NIT code recently published "appears to be Operation Pacifier
code that the Government has refused to provide to the defense."  Mtn. to Compel at 1.  Defendants state no factual
28  basis whatsoever for that claim, however.  They simply declare it to be true.

GOVERNMENT'S RESPONSE DEFENDANTS' MOTION TO COMPEL - 2
CR16-5110RJB/CR15-387RJB/CR15-0274RJB

1 detail in its *ex parte* submission, information concerning the use and deployment of the

2 NIT is highly sensitive. Indeed, certain information that is the subject of the Court's

3 recent ruling denying Defendants' discovery requests is classified. Accordingly, any

4 information provided in response to Defendants' demand would implicate these

5 significant law enforcement and national security concerns and would only properly be

6 provided to the court *ex parte* and *in camera*.

7       Although the defense has not offered any evidence that would merit consideration

8 of this matter, the United States is nonetheless seeking to confirm the validity of what is

9 referenced in the reports cited in the defense motion and if so, to determine what, if any,

10 bearing that information may have on the issues presented in this case. That review

11 involves matters that are highly technical and complex. The government is making every

12 effort to complete its review expeditiously and accurately and believes that its review will

13 be complete by Monday, December 19. To the extent the Court believes that the

14 government should be required to respond − and as stated above the government believes

15 it should not − the government seeks leave to present information concerning the results

16 of this analysis, when it is complete, to the Court *ex parte* and *in camera*. Assuming the

17 Court grants that request, the United States will coordinate the presentation of any such

18 information with the Court and, as appropriate, necessary security personnel with the

19 Department of Justice.

20 //

21 //

22 //

23 //

24

25

26

27

28

GOVERNMENT'S RESPONSE DEFENDANTS' MOTION TO COMPEL - 3
CR16-5110RJB/CR15-387RJB/CR15-0274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        Seemingly as an afterthought, Defendants also "request a substitute summary of

2    the evidence that was presented to the Court *ex parte* in connection with the

3    Government's CIPA and law enforcement exemption claims."  Defendants provide no

4    basis whatsoever for that request, other than to state it.  The Court has already determined

5    that the information was properly presented *ex parte* and *in camera* and explained in

6    detail its ruling regarding why the information properly withheld from discovery was

7    neither relevant nor helpful to the defense.  The information presented *ex parte* and *in*

8    *camera* has been preserved for appellate review.  Accordingly, the Court should deny that

9    request as well.

10        DATED this 14th day of December, 2016.

11

12                                              Respectfully submitted,

13
     ANNETTE L. HAYES                           STEVEN J. GROCKI
14   United States Attorney                     Chief

15

16   */s/ Matthew P. Hampton*                   */s/ Keith A. Becker*
     Matthew P. Hampton                         Deputy Chief
17   Assistant United States Attorney           Child Exploitation and Obscenity
18   1201 Pacific Avenue, Suite 700             Section
     Tacoma, Washington 98402                   1400 New York Ave., NW, Sixth Floor
19   Telephone: (253) 428-3800                  Washington, DC 20530
     Fax:        (253) 428-3826                 Phone: (202) 305-4104
20   E-mail: matthew.hampton@usdoj.gov          Fax: (202) 514-1793
21                                              E-mail: keith.becker@usdoj.gov

22

23

24

25

26

27

28

GOVERNMENT'S RESPONSE DEFENDANTS' MOTION TO COMPEL - 4
CR16-5110RJB/CR15-387RJB/CR15-0274RJB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant.

*s/Emily Miller*
EMILY MILLER
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2267
FAX:   (206) 553-0755
E-mail: emily.miller@usdoj.gov

GOVERNMENT'S RESPONSE DEFENDANTS' MOTION TO COMPEL - 5
CR16-5110RJB/CR15-387RJB/CR15-0274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970